Kuldip **SINGH**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–71577.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2013.*

Filed May 20, 2013.

Jaspreet Singh, Esquire, Law Office of Jaspreet Singh, Jackson Heights, NY, for Petitioner.

Jeffery R. Leist, Trial, Anthony Paul Nicastro, Esquire, Trial, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM **

Kuldip Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010), and we deny the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion in denying Singh's fifth motion to reopen as untimely and number-barred because the motion was filed over six years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish changed circumstances in India to qualify for the regulatory exception to the time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi,* 597 F.3d at 988–89 (evidence of changed circumstances must be qualitatively different from what could have been presented at prior hearing).

Singh's contention that the BIA failed to review the new evidence accompanying his fifth motion to reopen lacks merit. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095–96 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.